**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

In re:    SG MCINTOSH, LLC        )    Case No. 21-40986
                                  )    Chapter: 11
          Debtor

## ORDER CONFIRMING FIRST AMENDED SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION

SG McIntosh, LLC, herein referred to as "Debtor," has proposed a First Amended Subchapter V Chapter 11 Plan under Chapter 11 of the Bankruptcy Code on January 31, 2022, (Doc 77) (the "Plan").

A hearing to consider confirmation of the Plan was conducted on March 31, 2022, (the "Hearing"). All parties appeared telephonically. The Debtor appeared in person by its representative, Scott McIntosh, and by its counsel, Ryan A. Blay of WM Law, Christopher T. Borniger on behalf of the United States Trustee's Office, Robbin Messerli, Subchapter V Trustee, Greg Pappas, Attorney for Creditor New Mark Delaware, LLC, Penn Park New Mark, LLC and Metcalf 91 New Mark DE, LLC (collectively, "New Mark"), Zach DeJoode, on behalf of the Missouri Department of Revenue, and Zachary Fairlie, Attorney for McFarland Fitness, LLC, appeared by phone conference.

A hearing was held with respect to confirmation. Ryan A. Blay, attorney for the Debtor, announced on the record that he had circulated a proposed order which resolves any creditor concerns or objections to confirmation. The Court then accepted testimony from Scott McIntosh, the principal of the Debtor, in support of confirmation of the Plan. On the record, the Court announced that it would confirm the Plan under 11 U.S.C. § 1191(b).

## THE GENERAL REQUIREMENTS OF THE SUBCHAPTER V CHAPTER 11 PLAN HAVE BEEN MET

1. The Debtor is eligible for relief under Chapter 11 and the Plan filed by the Debtor, complies with the provisions of Chapter 11 and all other applicable provisions of Title 11 of the United States Code.

2. The Debtor certifies that the First Amended Subchapter V Chapter 11 Plan filed on January 31, 2022, and the notice of (reset) confirmation hearing was sent to all creditors, parties in interest and the Subchapter V Trustee. No objections to the Subchapter V Plan and/or ballots rejecting the Plan were received from any party. Any previous objections have been resolved.

3. The Plan and the proponent of the Plan comply with the applicable provisions of Title 11, and therefore the Plan complies with 11 U.S.C. §1129(a)(1) and (a)(2).

4. The Plan has been proposed in good faith and not by any means forbidden by law and therefore the Plan complies with 11 U.S.C. §1129(a)(3).

5. Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable. Thus, the Plan complies with 11 U.S.C. §1129(a)(4).

6. The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and

**(ii)**
the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and
**(B)**
the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

Therefore, the Plan complies with 11 U.S.C. §1129(a)(5).


7. 11 U.S.C. §§1129(a)(6), (a)(13), and (a)(14) do not apply to this Plan.

8. With respect to each impaired class of claims or interests—

**(A)** each holder of a claim or interest of such class—
**(i)**
has accepted the plan; or
**(ii)**
will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7 of Title 11 on such date. Thus, the Plan complies with 11 U.S.C. §1129(a)(7).

9. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

**(A)**
with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of Title 11, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;
**(B)** with respect to a class of claims of a kind specified in 11 U.S.C. §§507(a)(1), (a)(4), (a)(5), (a)(6), or (a)(7) of Title 11, , each holder of a claim of such class will receive—
**(i)**

if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

**(ii)**
if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim;

With respect to a claim of a kind specified in 11 U.S.C. §507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash—

**(i)**
of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

**(ii)**
over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and

**(iii)**
in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under 11 U.S.C. §1122(b); and

**(D)**
with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

Thus, the Plan complies with 11 U.S.C. §1129)(a)(9).

10. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan. Thus, the Plan complies with 11 U.S.C. §1129(a)(11).

11. All fees payable under 28 U.S.C. §1930 as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan. Thus, the Plan complies with 11 U.S.C. §1129(a)(12).

12. All transfers of property under the plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Thus, the Plan complies with 11 U.S.C. §1129(a)(16).

13. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Thus, the Plan complies with 11 U.S.C. §1191(b) and may be confirmed, notwithstanding any failure to comply with 11 U.S.C. §§1129(a)(8), (a)(10), and/or (a)(15).

14. The Plan complies with 11 U.S.C. §1191(c)(1), (2), and (3).

15. The Plan, as amended, should be confirmed subject to the clarified or modified treatment stated herein and hereby incorporated into and to be a part of the Plan, as follows:

(1) As to treatment of the City of Kansas City, Missouri: The Debtor hereby incorporates the stipulation between the Debtor and the City of Kansas City, Missouri, filed as Docket 84, filed March 3, 2022.

(2) The "Effective Date" on which the secured creditors shall receive the stated interest rates on their secured claims shall be March 31, 2022. Dates for the first payments due under the Plan shall refer to the calendar year 2022.

(3) The Internal Revenue Service has amended its proof of claim to reflect $0 owed. Accordingly, it will not receive payments on any pre-petition obligations unless such claim is later amended or further investigation warrants pre-petition claims. The Debtor shall continue to pay on any post-petition claim incurred.

(4) As to the liquidation analysis provided by the Debtor in support of its Plan, it shall be noted that the $5,000 amount stated in its value of gym equipment is liquidation value, whereas the $45,000 listed originally in the schedules constituted replacement value and/or purchase value.

(5) As to ongoing payments to be made to New Mark for its leasehold interest in the Debtor's remaining premises, treatment shall be amended to reflect the following language:

The ongoing monthly lease payments will be made to New Mark in accordance with the terms of the lease. Monthly rental payments include base rent, common area operating costs, taxes, and insurance. Although the CAM, taxes and insurance are estimated in the lease, per the terms of the lease, they are subject to adjustment based on actual costs incurred by the landlord. The Debtor shall pay all ongoing monthly lease payments including any of these previously described adjustments on a timely basis pursuant to the terms of the lease.

The Debtor agrees that New Mark shall be entitled to reasonable attorney's fees and costs based on this present action as well as a pre-petition eviction action in the Circuit Court of Clay County, Missouri. Debtor and New Mark have stipulated that the fees and costs total $10,000 and that such amount shall be amortized over the repayment term to cure the pre-petition arrearage.

Adding the monthly cure payment ($733.33) to the monthly payment of attorney fees ($333.33) to be paid to New Mark to cure the pre-petition arrearage and pay New Mark's attorney fees, Debtor shall make 30 monthly payments to New Mark in the amount of $1,066.66 beginning on April 30, 2022 and continuing through and including October 31, 2024. Such amounts shall be in addition to Debtor's ongoing monthly lease payments.

**IT IS THEREFORE ORDERED the Debtor's First Amended Subchapter V Chapter 11 Plan, be and is hereby confirmed under 11 U.S.C. § 1191(b).**

**IT IS FURTHER ORDERED**, that confirmation shall bind the Debtor and each creditor, whether or not such creditor is provided for in the Plan.

**IT IS FURTHER ORDERED**, that except as provided in the Plan, all property of the estate is vested in the Debtor free and clear of all claims or interest of the creditors.

**IT IS FURTHER ORDERED**, that the Debtor shall be the disbursing agent for all payments made under this Plan.

**IT IS FURTHER ORDERED**, that the Debtor shall provide a report of payments made under this Plan to the Subchapter V Trustee at least on a semi-annual basis during the term of this Plan.

**IT IS FURTHER ORDERED**, that discharge under this Plan is governed by 11 U.S.C. §1192,

Dated: 4/11/2022                         /s/ Brian T. Fenimore_____
                                         United States Bankruptcy Judge


ORDER PREPARED AND SUBMITTED BY:

/s/ Ryan A. Blay
WM Law
15095 W 116th St.
Olathe, KS 66049
913-422-0909
Email: bankruptcy@wagonergroup.com
Attorney for SG McIntosh, LLC

Approved by:

/s/ Sherri Wattenbarger
Office of the U.S. Trustee
Room 3440
400 East 9th Street
Kansas City, MO 64106
816-512-1940
816-512-1967 (fax)
Email: sherri.wattenbarger@usdoj.gov

/s/ Rob Messerli,
Robbin L. Messerli
P.O. Box 8686
Prairie Village, KS 66208-2618
913.662.3524
Email: rob.messerli@gunrockvp.com
Subchapter V Trustee

/s/ Ashley Barton,
The City of Kansas City, Missouri
414 E. 12th St., 28th Flr.
Kansas City, MO 64106
Phone: 816-513-3158
Fax: 816-513-3105
Email: ashley.barton@kcmo.org